UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRANK EVANS,<br><br>Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>Respondent. | No. 2:18-cv-1868 TLN DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges a 2015 guilty finding on a disciplinary violation. He alleges the disciplinary hearing violated his rights to due process and equal protection of the laws. Before the court is respondent's motion to dismiss the petition. For the reasons set forth below, this court will recommend the motion be granted and the petition be dismissed without prejudice to its renewal as a civil rights action.

**BACKGROUND**

Petitioner is serving a 25-years-to-life sentence. He filed a petition for a writ of habeas corpus on June 13, 2018[1] in the United States District Court for the Southern District of

---

[1] Based on the prison mailbox rule, petitioner's petition is deemed filed on the date he gave it to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988). According to the proof of service attached to the petition, petitioner placed the petition in the mail to the court on June 13, 2018.

1

California. (ECF No. 1.) On June 27, 2018, the Southern District transferred the case to this court. In the petition, petitioner contends disciplinary hearings held in 2015 violated his rights under the Due Process and Equal Protection Clauses. Petitioner was found guilty of a disciplinary violation and assessed a 180-day loss of good time credits. Petitioner seeks expungement of the guilty finding and a new disciplinary hearing.

On January 25, 2019, respondent filed the present motion to dismiss. (ECF No. 12.) Petitioner filed an opposition (ECF No. 15) and respondent filed a reply (ECF No. 16).

On May 2, 2019, petitioner filed an "objection" to the reply brief. (ECF No. 17.) Petitioner argues that respondent was not entitled to file a reply under the Rules Governing § 2254 Cases. Petitioner is advised that the rules he cites are applicable when respondent files an answer and are not applicable when respondent files a motion to dismiss. In the order filed December 3, 2018, the court pointed out that distinction. (ECF No. 6.) In fact, the December 3 order specifically states that if respondent files a motion, petitioner shall file an opposition, and respondent may file a reply. (Id. at 2.) Therefore, respondent's reply brief was appropriate and will be considered herein.

## MOTION TO DISMISS

Respondent moves to dismiss the petition on the grounds that the petition is untimely, petitioner's claims are not cognizable under 28 U.S.C. § 2254, and the claims are unexhausted. Because this court finds petitioner's claims are not cognizable under § 2254 and, therefore it lacks jurisdiction over the petition, it does not reach the other bases for dismissal.

**I.    Legal Standards for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602–03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); Vargas v. Adler, No. 1:08-cv-1592 YNP (HC), 2010 WL 703211, at *2 (E.D. Cal. 2010)

(granting motion to dismiss a habeas claim for failure to state a cognizable federal claim).

Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug.7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**II.    Analysis**

Respondent argues that because the relief petitioner seeks – expungement of his disciplinary conviction and a new disciplinary hearing – would not necessarily affect the length of his sentence, his claims are not cognizable in a habeas proceeding. (ECF No. 12 at 5-6.) Petitioner argues that the Board of Prison Hearings ("BPH") "relied heavily" upon the disciplinary action he challenges when it denied him parole in October 2018. However, petitioner failed to provide a complete copy of the BPH hearing transcript to support that argument. Further, the portion he did provide shows that the Board considered other issues as well. The first factor considered by the BPH to support its finding that petitioner was unsuitable for parole was petitioner's commitment offense. In addition to the disciplinary violation petitioner now challenges, the Board referenced other prison disciplinary issues, including "write-ups for fights which could have been batteries that were prosecuted, both in the riot in '97 and the yard fight in '05;" and possession of cell phones in 2011 and 2014." (See ECF No. 15 at 31, 33.)

Petitioner's challenge is materially similar to the challenge considered by an en banc panel of the Ninth Circuit in Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016). In Nettles, a prisoner serving a life sentence with the possibility of parole was found guilty of a disciplinary violation and, as a result, suffered a revocation of thirty days of good conduct credits. 830 F.3d at 927. The prisoner subsequently filed a habeas petition in federal court seeking restoration of the

loss of credits and expungement of the rules violation report that led to the disciplinary finding. Id. The district court dismissed the petition, holding that the prisoner could not prove that expungement of the rules violation report and restoration of lost credits were likely to accelerate his eligibility for parole. Id.

The prisoner appealed, and on rehearing en banc, the Ninth Circuit held that the district court lacked jurisdiction over the prisoner's claim because success on the merits "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. at 934-35. The Ninth Circuit explained that, under California law, the parole board can "deny parole 'on the basis of any of the grounds presently available to it....'" Id. at 935 (internal citation omitted). Although a disciplinary violation is relevant to whether a prisoner is suitable for parole, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Id. Accordingly, the Ninth Circuit held that the prisoner's challenge to the disciplinary finding did not fall within "the core of habeas." Id.; see also Woods v. Valenzuela, 734 F. App'x 394, 395 (9th Cir. 2017) (claims of inmate challenging parole hearing and seeking a new parole hearing lay outside the core of habeas); Machado v. Holland, No. 1:17-cv-0979 AWI SKO, 2018 WL 3924470, at *2-3 (E.D. Cal. Aug. 15, 2018) (challenge to prison disciplinary proceeding would not necessarily affect prison term for inmate serving an indeterminate sentence and was, therefore, not within the core of habeas), rep. and reco. adopted, No. 1:17-cv-0979 (E.D. Cal. Oct. 25, 2018); Garcia v. Baughman, No. 2:17-cv-2529 TLN KJN P, 2018 WL 2329252, at *3 (E.D. Cal. May 23, 2018) (In Nettles, the Ninth Circuit "squarely rejected petitioner's argument that a prison disciplinary conviction affects an inmate's parole eligibility."), rep. and reco. adopted, No. 2:17-cv-2529 (E.D. Cal. Sept. 17, 2018).

Like the prisoner in Nettles, petitioner here is serving a life sentence and challenges his guilty finding and loss of good conduct credits after a disciplinary hearing. Neither the disciplinary guilty finding nor the credit loss will necessarily affect the BPH's next decision regarding petitioner's suitability for parole. Accordingly, this court finds it lacks jurisdiction over the petition and it should be dismissed.

### III. Converting the Petition to a § 1983 Complaint

In an appropriate case a habeas petition may be construed as a section 1983 complaint. Nettles, 830 F.3d at 936. However, the court notes that there are several significant differences in proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on the differences between habeas and civil rights cases, rather than construe the petition as a civil rights action, the court will recommend dismissal without prejudice so that petitioner may assert claims under 42 U.S.C. § 1983 in a new case, if he chooses.

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Respondent's motion to dismiss (ECF No. 12) be granted; and
2. The petition be dismissed without prejudice so that petitioner may seek relief on his claims in a civil rights action under 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after

service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 28, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB/prisoner-habeas/evan1868.mtd fr